**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2123**

ZAHEER AHMED BUTT,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-238-807)

Submitted: February 28, 2007          Decided: April 25, 2007

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Iftekhar Ul Haq, Washington, D.C., for Petitioner. Rod J. Rosenstein, United States Attorney, James A. Frederick, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zaheer Ahmed Butt, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying Butt's applications for withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

"To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002). A "clear probability" means it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground. 8 C.F.R. § 1208.16(b) (2006). A showing of past threat to life or freedom on such a ground creates a rebuttable presumption that the threat would recur upon removal. 8 C.F.R. § 1208.16(b)(1)(I) (2006); Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004).

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478,

481 (1992). Factual findings by the Board or the immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000).

To make a prima facie case for relief under the CAT, "a petitioner must offer specific showings that he or she will be subject to 'severe pain or suffering, whether physical or mental' by or at 'the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" Guzman v. INS, 327 F.3d 11, 17 (1st Cir. 2003) (quoting 8 C.F.R. § 1208.18(a)(1) (2006)).

In Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005), we noted that persecution is an extreme concept and may include actions less severe than threats to life or freedom but must rise above mere harassment. We cited Dandan v. Ashcroft, 339 F.3d 567, 573 (7th Cir. 2003), for the proposition that a three day detention that included interrogations, beatings and deprivations of food and water did not compel a finding of persecution. Li, 405 F.3d at 177. We observed that courts are reluctant to categorize detentions unaccompanied by severe physical abuse or torture as persecution. Id. Minor beatings and detentions lasting two to three days do not amount to persecution. Id.

We find substantial evidence supports the Board's conclusion that Butt failed to establish past persecution. We

further find substantial evidence supports the finding that Butt failed to establish a clear probability or likelihood of persecution or torture if he returns to Pakistan.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED